UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BARBARA WHITE,

    Plaintiff,

v.

AMAZON WEB SERVICES, INC.,

    Defendant.

No. 24-cv-3693 (KMM/EMB)

**ORDER**

This matter is before the Court on Defendant Amazon Web Services, Inc.'s ("AWS") Objections to Magistrate Judge's Order or, in the Alternative, Partial Motion for Judgment on the Pleadings ("Objection"). Def.'s Objection, Dkt. 56; *see also* Def.'s Mot., Dkt. 54. AWS asks this Court to reverse Magistrate Judge Elsa M. Bullard's Order ("Order") granting Plaintiff Barbara White's motion for leave to amend her complaint. Order (Oct. 10, 2025), Dkt. 50. Judge Bullard found that: (1) Ms. White was diligent in pursuing amendment, even though the motion was filed late; (2) AWS would not be prejudiced if Ms. White was allowed to add a reprisal claim; and (3) Ms. White's proposed amended complaint stated a plausible claim for reprisal under the Minnesota Human Rights Act. Order 5–18. In its Objection, AWS argues that Judge Bullard erred in finding that Ms. White acted with the required diligence and adequately pled a reprisal claim in her amended complaint. Def.'s Objection at 5–14.

*Diligence*

First, AWS asks the Court to reverse Judge Bullard's finding that Ms. White acted with sufficient diligence to establish good cause for her late request to amend the complaint. The Court reviews a magistrate judge's decision on a nondispositive motion under an "extremely deferential" standard. *Lynch v. Experian Info. Sols., Inc.*, 581 F. Supp. 3d 1122, 1125 (D. Minn. 2022) (quoting *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008)). Such decisions should be overruled only where they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when . . . the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (cleaned up). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotations omitted). This means a district court should not reverse a magistrate judge's decision on a nondispositive issue unless the magistrate judge's account of the evidence is implausible in light of the entire record, even if the reviewing court might have weighed the evidence differently. *Shank v. Carleton Coll.*, 329 F.R.D. 610, 613 (D. Minn. 2019).

Having thoroughly reviewed the record and the parties' arguments, the Court concludes that Judge Bullard's finding was neither clearly erroneous nor contrary to law. *See Wells Fargo & Co.*, 750 F. Supp. 2d at 1050. Moreover, the record reveals that Judge Bullard carefully assessed the issues before her and properly exercised her discretion in making that ruling. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (explaining that district courts "ha[ve] broad discretion in establishing and enforcing

. . . deadlines" in a scheduling order); 12 Wright & Miller, Fed. Prac. & Proc., *Practice and Procedure with Regard to Nondispositive Matters* § 3069 n.22 (3d ed. Sept. 2025 Update) (citing cases indicating that magistrate judges have broad discretion in resolving nondispositive motions).

AWS's Objection fails to convince the Court that there is any basis to overturn the discretionary rulings concerning diligence and good cause in the Order. First, AWS argues that Ms. White "impeded her own ability to timely obtain information by delaying her written discovery process by two months, and then by waiting almost a year after filing her Complaint to take her first deposition." Def.'s Objection at 6. Second, AWS asserts that Ms. White was not diligent because, in June 2025, she stipulated to amendment of the scheduling order without suggesting a new deadline for pleading amendments. *Id.* Finally, AWS argues that Ms. White was not diligent because she was aware of the information on which the claim was based long before she sought leave to amend. *Id.* at 6–9.

Judge Bullard addressed each of these arguments and explained why she found them unpersuasive. Order 5–9. For example, the Order explains that even if Ms. White had served written discovery immediately after the scheduling order was issued, she would not have been able to meet the deadline for amendment. *Id.* at 7 ("Plaintiff would have had just days to review . . . documents, notice and take depositions . . . , and file her motion seeking amendment. The deadline is unworkable for even the most diligent litigant." (cleaned up)). Further, Judge Bullard distinguished the facts of this proceeding from others in which courts have found a lack of diligence, noting that Ms. White did not sit idly by during the discovery phase of this case only to seek leave to amend at the last minute. *Id.* at 7–8. And

3

Judge Bullard found that Ms. White "litigated her case diligently, serving written discovery, following up on document production, and timely noticing, rescheduling, and taking depositions." *Id.* at 8. Finally, Judge Bullard concluded that even though Ms. White knew certain facts relevant to her reprisal claim and "had a good-faith belief that she suffered retaliation," it was not until she conducted the depositions that were scheduled after completion of document production that she obtained "a more concrete factual foundation to file a reprisal claim under the MHRA in federal court." *Id.* at 8 (comparing Minn. R. § 5000.0400, subp. 1(c), with Fed. R. Civ. P. 11(b)(3), which impose different standards on those raising issues in an administrative charge and those asserting claims in federal court).

Nothing in the record leaves this Court with the conviction that Judge Bullard's determinations were unsupported. AWS does not point to anything other than its own disagreement with how Judge Bullard weighed the relevant facts to suggest that her decision was clearly erroneous or contrary to law. Even if another judge considering the issue might have reached a different conclusion on the issue of diligence, that does not render Judge Bullard's findings clearly erroneous. *See Shank v. Carleton Coll.*, 329 F.R.D. at 613.

Finally, AWS suggests that there is some flaw in Judge Bullard's analysis because the Order "accepts, with minimal discussion, White's representation that her proposed amendments are based on 'information uncovered in the late-June depositions.'" Def.'s Objection at 7 (quoting Order at 8–9). But a nondispositive order is not clearly erroneous because a party would like a more in-depth discussion of the issue under consideration. *See*

4

Fed. R. Civ. P. 52(a)(3) ("The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, *on any other motion*.") (emphasis added). And none of the cases cited by AWS shows that the Order is contrary to law.[1] Accordingly, Judge Bullard's diligence finding and the Order are affirmed in that respect.

### *Adequacy of Pleading*

AWS next objects to Judge Bullard's conclusion that Ms. White's MHRA reprisal claim was not futile. Def.'s Objection at 9–13. A conclusion that an amended pleading is not futile means that the court determined the proposed amended complaint alleged facts sufficient to survive a motion to dismiss under Rule 12(b)(6). *See Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (explaining than an amendment is futile when it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). The Court reviews such a finding de novo. D. Minn. LR 72.2(a)(3)(B); *see also Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013) (reviewing "a magistrate judge's determination that a motion to amend a pleading will be denied because the amendment would be futile" de novo).

---

[1] AWS suggests that this case is like the undersigned's prior decision finding a lack of diligence in *Reichel Foods, Inc. v. Proseal America, Inc.*, No. 0:19-cv-2604 (ECT/KMM), 2021 WL 1712547 (D. Minn. Apr. 30, 2021). Def.'s Objection at 9. In *Reichel*, prior to the deadline for amending the pleadings, the plaintiff had access to significant information that should have prompted it to seek discovery on an issue that formed the basis for its new claim in an untimely amended complaint, but it failed to conduct any diligent investigation of the issue until it was too late to meet the applicable deadline. 2021 WL 1712547, at *2–5. Because the Court finds no error in Judge Bullard's assessment that Ms. White conducted a diligent investigation of her claims, AWS's reliance on *Reichel*'s application of the good-cause standard does not support reversal of the Order.

Here, the analysis concerns whether the allegations in the proposed amended complaint plausibly establish the three elements of an MHRA reprisal claim: (1) that the plaintiff engaged in statutorily protected conduct; (2) that she suffered an adverse employment action; and (3) that there is a causal connection between the two. *Carter v. Dayton Rogers Mfg. Co.*, 543 F. Supp. 2d 1026, 1034 (D. Minn. 2008).

In rejecting AWS's futility challenge, Judge Bullard addressed arguments AWS raised both in its opposition to the motion to amend and at oral argument. Focusing on the applicable Rule 12(b)(6) standard, Judge Bullard concluded that the allegations in the amended complaint sufficiently established the elements of a MHRA reprisal claim. Oct. 10th Order 11–14. And Judge Bullard rejected arguments AWS raised for the first time at the hearing on the motion to amend, including that the MHRA does not apply in this case because Ms. White lived outside of Minnesota for nearly two years prior to her termination and that her reprisal claim is time-barred under MHRA's one-year statute of limitations. *Id.* at 14–18. AWS raises these same arguments again in its Objection. Def.'s Objection at 9–13.

Having conducted the required de novo review, the Court finds that Ms. White's MHRA reprisal claim is not futile. The Court agrees with Judge Bullard's analysis on the issues properly before the Court on AWS's futility challenge and finds it unnecessary to restate that reasoning here. The Court adopts the Order and affirms Judge Bullard's determination that AWS failed to show the proposed amendment was futile.

That said, one point raised in AWS's Objection merits additional discussion. AWS suggests that the Court should evaluate the issue of futility based on facts and evidence outside the Amended Complaint. Specifically, AWS asserts:

> [Judge Bullard] has allowed White to amend her Complaint approximately ten months into discovery – after all productions and depositions have been completed – and to base the allegations in her Amended Complaint on those facts. Because [Judge Bullard] relied on facts/evidence outside of the Amended Complaint in allowing the same, this is not a true 12(b)(6) motion; instead, AWS must necessarily be allowed to rely on evidence in the discovery record used to support the request for the amendment, as White was allowed to do, to support its request for dismissal of White's reprisal claim.

Def.'s Objection at 5 n.3. First, it is unclear exactly where AWS believes that Judge Bullard "relied on facts/evidence outside the Amended Complaint" in assessing whether Plaintiff stated a plausible reprisal claim. Def.'s Objection at 5 n.3. Based on the Court's review of the Order, it is apparent that Judge Bullard assessed the viability of the reprisal claim against the allegations on the face of the Amended Complaint. Indeed, she expressly declined AWS's invitation to look beyond the pleadings and consider the parties' disputed interpretations of the facts.

Additionally, AWS cites no authority to support its claim that the Court should evaluate the purported futility of a proposed amended pleading under a summary judgment standard. But the caselaw on this issue is clear: courts do not apply Rule 56 when conducting a futility analysis. *See, e.g.*, *Willoughby II Homeowners Ass'n v. Hiscox Ins. Co., Inc.*, No. 20-cv-777 (WMW/BRT), 2020 WL 12836980, at *2 n.1 (D. Minn. Dec. 17, 2020) ("The futility analysis of the Amended Complaint must be based on a 12(b)(6)

7

motion to dismiss standard and not a Rule 56 summary-judgment standard."); *Birchwood Labs., Inc. v. Battenfeld Techs., Inc.*, 762 F. Supp. 2d 1152, 1157–58 (D. Minn. 2011) (same); *Benincasa v. Lafayette Life Ins. Co.*, No. 10-cv-959 (SRN/AJB), 2011 WL 13315306, at *2 (D. Minn. Feb. 1, 2011) (same).

## ORDER

Based on the discussion above, **IT IS HEREBY ORDERED THAT**:

1. Defendant's Partial Motion for Judgment on the Pleadings (Dkt. 54) is **DENIED**.

2. Defendant's Objections to Magistrate Judge's Order or, in the Alternative, Partial Motion for Judgment on the Pleadings (Dkt. 56) are **OVERRULED**.

3. The Order dated October 10, 2025 (Dkt. 50) is **AFFIRMED**.

Date: December 5, 2025

*s/Katherine Menendez*
Katherine Menendez
United States District Judge
